**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WALTER J. LAWRENCE,

        Plaintiff,

vs.                                                Case No. 3:14-cv-1314-J-32JRK

STEPHEN D. HALKER, acting in his
individual and personal capacity,

        Defendant.

_____

## ORDER

Pro se plaintiff Walter J. Lawrence filed this suit for damages against Stephen D. Halker, an employee of the Internal Revenue Service, claiming that Halker acted outside the scope of his delegated authority when he sent Lawrence a letter dated October 9, 2014 which reviewed assessed penalties and taxes for 2004, 2005, 2006 and 2007 and advised that a penalty assessed against Lawrence with regard to his 2005 taxes could not be removed. See Doc. 1. Lawrence claims Halker violated Lawrence's rights under the Fourth, Fifth and Fourteenth Amendments when Halker allegedly imposed and assessed taxes for 2004, 2005, 2006 and 2007 that the IRS had not assessed, thus giving rise to a Bivens[1] action. Doc. 1.[2] The United States filed a motion to dismiss based on lack of subject matter

---

[1] Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), a federal agent's unconstitutional conduct may give rise to a cause of action for damages.

[2] Lawrence also cites a number of statutes which have no application to this case. See Doc. 1 at ¶ 1 (citing criminal statutes regarding pretrial release and detention of defendants and witnesses; statutes about declaratory judgment statutes; civil rights conspiracy statutes; and a statute about the jurisdiction of the United States Court of Federal Claims). Lawrence,

jurisdiction (Doc. 7); Lawrence filed a response in opposition (Doc. 10).

A <u>Bivens</u> action may be brought against a federal employee in his individual capacity for violations of constitutional rights if "the plaintiff has no alternative means of obtaining redress" and "no special factors counseling hesitation are present." <u>Hardison v. Cohen</u>, 375 F.3d 1262, 1264 (11th Cir. 2004). Congress has provided a means of redress with regard to the recovery of damages against IRS employees for wrongful collection activities. <u>See</u> <u>Al-Sharif v. United States</u>, 296 F. App'x 740, 741-42 (11th Cir. 2008) (citing 26 U.S.C. § 7433(a) as the "exclusive remedy" for recovering damages against an IRS employee for wrongful collection activities and 28 U.S.C. § 1346(a)(1) as the remedy to recover from the United States erroneously or illegally assessed or collected internal revenue taxes[3]). Thus, the availability of statutory relief "forecloses a <u>Bivens</u> action against individual IRS agents for alleged constitutional violations with respect to the collection and assessment of taxes." <u>Id.</u> at 742.   <u>See also</u> <u>Zajac v. Clark</u>, 2015 WL 179333, *5 (M.D. Fla. Jan. 14, 2015) (citing numerous cases for the proposition that a <u>Bivens</u> action may not be maintained against IRS

---

who is a resident of Hernando, a town in Citrus County (which is in the Ocala Division) alleges that "[v]enue is proper in the District of <u>Idaho</u> because a substantial part of the events complained of and giving rise to Plaintiff's claims occurred in this District." Doc. 1 at ¶ 3 (emphasis supplied). The Court takes the Idaho reference to be a typographical error and it appears that while the Department of Justice is representing Halker, the address at which Halker was served (and his address according to the documents attached to the complaint) is in Jacksonville. <u>See</u> Doc. 1 at Ex. A at 2 and Doc. 5. The United States did not raise improper venue as an issue and the Court is satisfied that venue is proper here.

[3]Lawrence has previously availed himself of that avenue of redress, having sued the United States under 28 U.S.C. § 1346(a)(1) to challenge taxes levied for the years 1980-1983 and 1988-1994. That suit was dismissed and affirmed on appeal. <u>See</u> <u>Lawrence v. United States</u>, 597 F. App'x 599, 600 (11th Cir. 2015).

officials for alleged constitutional violations related to the assessing and collecting of taxes); Lawrence v. United States, 229 F.3d 1152, 2000 WL 1182452, *2 (6th Cir. 2000) (holding that Lawrence (the same plaintiff as here) could not maintain a Bivens action against individual IRS officials for conduct related to IRS collection activities).[4] Lawrence, therefore, cannot bring a Bivens action against Halker and his complaint is therefore due to be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[5] See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (while the Court

---

[4]In that decision, the Sixth Circuit also sanctioned Lawrence for filing a frivolous appeal, citing Lawrence's "long history of filing frivolous suits and appeals" and his failed attempt to "outfox" the IRS.  229 F.3d 1152, 2000 WL 1182452, *3-4.

[5]The United States (as opposed to defendant Halker) filed the motion to dismiss, operating under the impression that Lawrence was suing Halker in his official capacity and claiming, therefore, that sovereign immunity deprived the Court of subject matter jurisdiction (and that Bivens did not provide a cause of action against Halker).  Because Lawrence is suing Halker in his individual capacity, the Court does not reach the sovereign immunity issue.  Although it is not clear whether the United States is contending that lack of a viable Bivens claim also implicates subject matter jurisdiction, the Eleventh Circuit has held that an unsustainable Bivens claim warrants dismissal for failure to state a claim, not for lack of subject matter jurisdiction, so that is what the Court has done here.  See Lee v. Hughes, 145 F.3d 1272, 1277, n.6 (11th Cir. 1998) (affirming dismissal of Bivens action but holding district court should have dismissed for failure to state a claim, not for lack of subject matter jurisdiction).  But see, Smith v. Sec'y of U.S. Dep't of Commerce, 495 F. App'x 10, 12 (11th Cir. 2012) (holding district court properly dismissed Bivens claim for lack of subject matter jurisdiction); Zajac, 2015 WL 179333, *5 (holding court did not have jurisdiction to consider Bivens claim).

In ruling on this motion, the Court has assumed that the facts as pled are true.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Nonetheless, the Court notes that Halker's October 9, 2014 letter which allegedly gives rise to Lawrence's allegations was sent to Lawrence in response to an inquiry Lawrence made with Senator Bill Nelson regarding a penalty for the 2005 tax year.  It is a stretch to construe Halker's letter as itself assessing penalties (as Lawrence alleges in his complaint) as opposed to responding to Lawrence's inquiry.  The Court also notes that Halker provided Lawrence with information about how to seek further recourse.

3

construes the filings of pro se parties more liberally than those filed by lawyers, this does not mean that the Court can rewrite plaintiff's filings to create a cause of action where one does not exist). Because there are no circumstances in which Lawrence's complaint could be cured by amendment, the case is due to be dismissed with prejudice. See Brewer v. Commissioner, Internal Revenue, 435 F.Supp.2d 1174, 1176-78 (S.D. Ala. 2006) (denying leave to amend complaint to bring Bivens action against individual IRS employees because the effort would be futile).

Accordingly, it is hereby

**ORDERED**:

The United States' Motion to Dismiss (Doc. 7) is **granted** to the extent that this case is **dismissed with prejudice** for failure to state a claim. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of September, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se plaintiff